**AUSTIN ROAD CO. v. HURST et al.**

No. 3348.

Court of Civil Appeals of Texas.
Beaumont.

Dec. 29, 1938.

E. B. Jordan, of Fort Worth, and Sanders & McLeroy, of Center, for appellant.

Hurst, Leak & Burke and Will C. Hurst, all of Longview, for appellees.

O'QUINN, Justice.

Appellees, Dr. T. L. Hurst and Dr. L. S. Oates, filed this suit in the District Court of Shelby County, Texas, against appellant, the Austin Road Company, a corporation with its domicile and principal office in Dallas, Dallas County, Texas, to recover for services and treatment and hospitalization of four patients, Clifford Billingsley, Conway Billingsley, Mrs. Eva McMichael and Mrs. Bessie McMichael, alleged to have been brought to their hospital at Center, Texas, under an oral agreement with Charles Epps and John Rhinehart, alleged to be agents of appellant, claiming that appellant was due them the sum of $690 for such service and hospitalization.

Appellant duly filed its plea of privilege to be sued in the county of its domicile, Dallas County.

Appellees duly filed their controverting plea and alleged that the Austin Road Company was a corporation, incorporated under the laws of the State of Texas, and that appellees were licensed practicing physicians and surgeons operating a hospital, the Center Sanitarium at Center, Texas; that on April 4, 1936, Charles Epps, an agent of appellant, brought Clifford Billingsley, Conway Billingsley, Mrs. Eva McMichael and Mrs. Bessie McMichael to appellees' said hospital and told appellees that said persons had received personal injuries in a collision with one of appellant's trucks, said truck then being used in said Shelby County, on a road construction job by said company; that at the request of said Epps, agent of appellant, being its foreman in charge of the construction work then being done, and John Rhinehart, superintendent of appellant, appellees accepted the injured persons at its hospital, and at the request of said Epps and Rhinehart, agents of appellant and acting within the scope of their authority as such agents, rendered services and gave medical treatment and hospitalization to each of said injured persons, all of which was done with the full knowledge, consent and acquiescence and at the request of said agents, until said patients were physically able to leave said hospital. That said services for treatment and hospitalization were contracted for by appellant's said agents in Shelby County and were rendered and performed in said county.

On hearing, the plea of privilege was overruled. To this ruling appellant duly excepted and gave notice of appeal, and we have the case for review.

The following facts are without dispute. Appellant is a corporation and was on the date of the alleged contract. Appellees owned and operated the Center Sanitarium, at Center in Shelby County, and gave treatment and hospitalization to the patients brought them by Epps and Rhinehart. Epps was foreman of work being done in Shelby County by appellant. Rhinehart was its superintendent. In May, 1936, appellees wrote appellant enclosing their bill for the treatment and hospitalization of the four patients. In reply to this letter appellant wrote Center Sanitarium, and among other things, said:

"* * * since our superintendent expressly denies having authorized any medical attention or hospitalization further than what was immediately and urgently

needed in the way of first aid immediately following the accident.

"Yours very truly,

"Austin Road Company

"By Jas. W. Williams."

This letter from appellant recognizes its superintendent as its agent and that he had authority to contract for services to the injured parties. This gave jurisdiction to the district court of Shelby County to hear the case. Furthermore, Dr. Hurst testified that Epps and Rhinehart had before that brought injured persons to the Hospital and requested that they be treated; that they were treated and bills for same rendered to appellant and paid by appellant. This was evidence that appellant recognized the authority of its said agents to act for it in procuring treatment of injured persons, and therefore appellees were justified in accepting the patients in question here, when proffered by appellant's foreman and superintendent and treating them as alleged. The matters all occurred in Shelby County.

The judgment should be affirmed and it is so ordered. Affirmed.